IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-00159-02-CR-W-ODS |
| ) | |
| IGGY SANTISTEBAN, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION DENYING (1) DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND (2) DEFENDANT'S MOTION FOR NEW TRIAL

On February 17, 2006, a jury found Defendant guilty of conspiring to defraud the United States. Pending are two post-trial motions, one for judgment of acquittal (Doc. # 117) and the other for a new trial (Doc. # 118). Both motions are denied.

*Motion for Judgment of Acquittal*

Defendant contends there was insufficient evidence to support his conviction, so he is entitled to a judgment of acquittal. Defendant was charged with conspiring to defraud the United States (specifically, the Food and Drug Administration (the "FDA")) by interfering with the FDA's efforts to prohibit the sale of drugs that were not approved for sale in the United States and otherwise regulate the distribution of drugs. In considering Defendant's argument the Court is required to view the evidence in the light most favorable to the jury's verdict. E.g., United States v. Wintermute, 443 F.3d 993, 1003 (8th Cir. 2006). Viewed in that light, there is little doubt that a conspiracy to impede or thwart the FDA's lawful functions existed or that Defendant furthered the conspiracy's efforts by creating counterfeit labels for the drugs. The focus of Defendant's arguments is whether he knew the drugs were going to be sold in the United States. The circumstances provide ample support for the jury's conclusion Defendant knew he was not authorized to prepare the labels in question. Although there is no direct evidence

demonstrating Defendant's knowledge the drugs would be distributed in the United States, the jury could infer this because the labels Defendant produced were in English – a fact that undercuts his suggestion that he thought the drugs were going to be sold in the Spanish- and Portuguese-speaking countries in Central and South America. The jury was not obligated to believe Defendant's evidence suggesting he had no idea the labels he was printing in English would be placed on bottles of drugs sold in the United States.

*Motion for New Trial*

Defendant presents two arguments for a new trial. The first is an allegation the Government failed to provide information required by Brady v. Maryland, 373 U.S. 83 (1963). Defendant's discussion revolves around testimony about the fake/forged authorization letter purportedly provided by Pfizer. Defendant received a Brady disclosure (referred to by the parties as a "pros memo") indicating Julio Cruz told an investigating agent the letter was created by Pablo Fernandez, given to Cruz, then faxed to Defendant. During his direct testimony, Cruz testified he provided Defendant with the letterhead and signature, and Defendant filled in the body of the letter. Tr. at 322-23. On cross-examination a tape of a conversation between Cruz and Agent Morrison was played wherein Cruz described the circumstances surrounding "the letter," but nothing was said about the document's authorship. Cruz explained that his reference to "the letter" in his conversation with Agent Morrison was a reference to the document with Pfizer's letterhead and the signature; Cruz continued to insist Defendant prepared the body of the letter. Tr. at 392-93.

During the instruction conference (which was held at the start of the third day of trial, before cross-examination of Cruz had been completed), Defendant raised a Brady issue and requested all 302 reports prepared by investigating agents and other reports supporting the pros memo's version of Cruz' statement. The Court adheres to its statements during trial in rejecting Defendant's request; namely, that it is not abundantly clear Cruz' testimony at trial is different from the summary contained in the pros memo.

2

Tr. at 423-24. Additionally, the Court holds Defendant would have received nothing of greater use than the pros memo. For instance, a 302 report is prepared by an FBI or FDA agent; it would not have been Cruz' statement, so it could not be used to impeach Cruz, nor could it have been admitted into evidence. All the 302 report could do is provide counsel with a legitimate factual basis for asking Cruz whether he had previously told an agent that Fernandez prepared the phony Pfizer letter – but the pros memo already provided a basis for this inquiry and additional documents would not have strengthened Defendant's effort.

The Court's ruling might be different if there were some reason to believe the Government possessed a recorded statement of Cruz', or a document he prepared. However, there is nothing to suggest the Government had anything that could be used to impeach Cruz or that could be admitted into evidence, and the pros memo provided the information required by Brady.

Defendant's second argument for a new trial focuses on the Court's decision not to provide the jury with a lesser included offense instruction. He contends the jury should have been instructed on the lesser included offense of conspiring to cause a drug to be a counterfeit drug. 18 U.S.C. § 371 describes two distinct types of conspiracy: one with an object of committing an offense against the United States and another with an object of defrauding the United States. "Defrauding the United States" includes interfering with the Government's lawful governmental functions through the use of deceit or dishonest means, even if there is no pecuniary loss. E.g., United States v. Murphy, 957 F.2d 550, 553 (8th Cir. 1992). Defendant was charged with both conspiring to commit an offense against the United States and with conspiring to defraud the United States, but only the latter theory was submitted to the jury. See Jury Instructions 16, 19-20.

"To be a lesser included offense, a crime must not require the government to prove any additional elements." United States v. Hatcher, 323 F.3d 666, 672 (8th Cir. 2003). Stated another way, the elements of the lesser offense must be nothing more than a subset of the greater offense. Schmuck v. United States, 489 U.S. 705, 716 (1989). Here, the crime of conspiring to cause a drug to be a counterfeit drug includes

3

elements that are not required when establishing the crime of conspiring to defraud the Government; most notably, the latter offense does not require proof that the object of the conspiracy was to create counterfeit drugs. Certainly, Defendant may have committed multiple violations of federal law; however, this does not mean that the lesser of those offenses are included within the greater ones' elements.

Defendant's Motion for Judgment of Acquittal and Motion for New Trial are denied.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: July 18, 2006                    UNITED STATES DISTRICT COURT